IN UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
JUL 26 2013

| | |
|---|---|
| LYNN R. BROADBENT,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITIGROUP LONG TERM DISABILITY PLAN,<br><br>Defendant. | COURT FILE NO. 13-4081<br><br>**COMPLAINT** |

COMES NOW the Plaintiff by and through her attorneys, Nasser Law Offices, P.C., and for her Cause of Action and her Jurisdictional Allegations, complains and alleges as follows:

1. This action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 [29 U.S.C. §1001, *et seq.*] (ERISA) and, more particularly, §502(a)(1)(B) of said Act [29 U.S.C. §1132(a)(1)(B)]. The Court has jurisdiction of this matter under 29 U.S.C. §1132(e);

2. The Plaintiff is a qualified Participant in THE CITIGROUP LONG TERM DISABILITY PLAN (hereinafter, "Plan"), which Plan is believed to be an employee welfare benefit plan qualified under and governed under ERISA, except as provided in 15 U.S.C. 1011-1015 (The McCarran Ferguson Act) and state law made applicable thereby;

3. At all times pertinent, Plaintiff was and is a qualified Participant in the Defendant Plan entitled to receive Long Term Disability (hereinafter, "LTD") coverage and benefits thereunder;

1

further, that such LTD benefits were and are being provided by METLIFE INSURANCE COMPANY (hereinafter, "MetLife"), under its LTD Group Disability Insurance Policy (an insured Plan); further, that MetLife also serves as the Claims Administrator or Third Party Administrator for the insured Plan pursuant to a delegation of authority from the named Plan Sponsor and Plan Administrator;

    4. Defendant Plan has denied Plaintiff her LTD benefits due under the Plan, and Plaintiff has exhausted all Administrative remedies appealing said denial;

    5. Plaintiff suffers from advanced fibromyalgia, severe degenerative disc and joint disease, failed hip replacement, osteoarthritis, osteoporosis, chronic pain, chronic fatigue syndrome, anxiety and depression, chronic sinusitis, high blood pressure, and acid refux and heartburn, such that in combination therefrom she became totally disabled within the meaning of the LTD Plan and Policy; further, she was deemed by the Plan to meet the Plan and Policy standard of "Total Disability," and accordingly, she became entitled to and was awarded and paid Short Term Disability benefits and then LTD benefits under the Plan and Policy from and after December 1, 2009 and through November 5, 2012, at which latter time the Plan determined Plaintiff no longer was entitled to LTD benefits;

    6. Plaintiff remains totally disabled under the Plan definition, and her condition has not improved since she was established as qualified for LTD benefits by the Plan;

    7. The decision to deny ongoing LTD benefits was arbitrary, capricious, and abuse of discretion, and constitutes a breach of the Plan and the insurance policy; and

8. In addition, SDCL 58-17-97, am insurance regulation duly enacted by the State of South Dakota to regulate the practice and the business of insurance, reads in pertinent part, as follows:

> **20:06:52:02. Discretionary clauses prohibited.**
> A discretionary clause is not permitted in any individual or group health policy. No policy offered or issued in this state by a health carrier or plan to provide, deliver, arrange for, pay for, or reimburse any of the costs of health care services may contain a discretionary clause or similar provision purporting to reserve discretion to the health carrier or plan to interpret the terms of the policy or to provide standards of interpretation or review that are inconsistent with the laws of this state. The provisions of this rule apply to any health insurance policy issued or renewed after June 30, 2008.

WHEREFORE, the Plaintiff respectfully requests and moves the US District Court to grant *de novo* review and thereupon reverse denial of LTD benefits and award the Plaintiff the benefits due under the LTD Plan together with reasonable attorney's fees, sales tax thereon, the costs and disbursements of the action, and such other relief as the Court shall deem just, legal, and equitable.

Dated this 26th day of July, 2013.

NASSER LAW OFFICES, P.C.

N. Dean Nasser, Jr.
204 South Main Avenue
Sioux Falls, SD  57104-3610
Telephone: (605) 335-0001
Facsimile:  (605) 335-6269
Email: dean@nasserlaw.com
*Attorney for Plaintiff*